IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
SEP 0 6 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LESA KAPLON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 05-3241 |
| | ) |
| GRAUE CHEVROLET-BUICK, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Lesa Kaplon brings this action to secure redress for a course of conduct that included the accessing of a consumer report on plaintiff without plaintiff's consent or any lawful reason, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1681p ("FCRA").

3. Venue in this District is proper in that defendant does business in this District and in that the mailing that gave rise to the violations of law complained of was directed to and received by plaintiff in this District.

### PARTIES

4. Plaintiff Lesa Kaplon is an individual who resides in the Central District

1

of Illinois.

5.  Defendant Graue Chevrolet-Buick, Inc. ("Graue, Inc.") is a Delaware corporation that operates a car dealership located at 1905 North Kickapoo, Lincoln, Illinois 62656.

## FACTS

6.  During the two years preceding the filing of this action, plaintiff Lesa Kaplon received the document attached as Exhibit A via the United States mail.

7.  Exhibit A states: "Information contained in your credit bureau report, obtained from a consumer reporting agency was used in connection with selecting you for this offer."

8.  On information and belief, the quoted statement is true.

9.  On information and belief, defendant engaged in or arranged for the pre-approval of consumers based on information in consumer reports held by a consumer reporting agency.

10. Based on the results of such pre-approval defendant sent or caused to be sent mailers in the form represented by Exhibit A to numerous consumers, including plaintiff.

11. Exhibit A is an example of a printed form document.

12. Exhibit A contains the name of defendant of Graue, Inc.

13. On information and belief, defendant Graue, Inc., approved and authorized the dissemination of material in the form represented by Exhibits A.

14. The local response telephone number and mail address on Exhibit A are

used by defendant Graue, Inc.

15. On information and belief, defendant Graue, Inc, obtained business as a result of the dissemination of mailers in the form represented by Exhibits A.

16. On information and belief, more than 200 mailers in the form represented by Exhibit A were sent to residents of Illinois.

17. On information and belief, defendant's pre-approval was intended to identify persons who have poor credit or have recently obtained bankruptcy discharges, for the purpose of targeting them for subprime credit.

18. Plaintiff Lesa Kaplon had not authorized defendant to access or use plaintiff's consumer report.

19. Defendant had no reason to believe that plaintiff Lesa Kaplon had authorized defendant or its agents to access plaintiff's consumer report or use information therein.

20. Plaintiff Lesa Kaplon did not initiate any transaction with defendant.

21. The FCRA, 15 U.S.C. §1681a(d), defines "consumer report" as follows:

**The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--**

**(A) credit or insurance to be used primarily for personal, family, or household purposes; . . .**

22. The FCRA, 15 U.S.C. §1681a(f), defines "consumer reporting agency" as:

3

> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

23. The FCRA, 15 U.S.C. §1681b, provides it is permissible to obtain or use a consumer report on a consumer only with the written consent of the consumer or for certain "permissible purposes," such as the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer, or to make a "firm offer of credit."

24. The requester must certify to the consumer reporting agency that a permissible purpose exists.

25. As noted, one "permissible purpose" is to extend a firm offer of credit or insurance to the consumer, even where this has not been requested by the consumer.

26. The sending of the material in <u>Exhibit A</u> not constitute a permissible reason for anyone to access plaintiff's consumer report without plaintiff's consent.

27. The sending of <u>Exhibit A</u> not qualify as a "firm offer of credit" within the meaning of the FCRA, justifying the obtention of a consumer report on a consumer, and violates the disclosure requirements of the FCRA, in that:

    a. The purported offer (if one exists at all) is vague and totally lacking in terms. It has no value beyond a solicitation for business, the sending of which is not a permissible purpose for accessing a consumer report. <u>Cole v. U. S. Capital, Inc.</u>, 389 F.3d 719 (7th Cir. 2004).

4

b.   15 U.S.C. §1681m(d) requires that a "firm offer" must contain certain disclosures in a "clear and conspicuous" manner – essentially, that the consumer has a right to prevent further invasions of privacy of like nature, and how to exercise such right. Section 1681m(d) provides:

> **(d) Duties of users making written credit or insurance solicitations on the basis of information contained in consumer files**
>
> **(1) In general.**--Any person who uses a consumer report on any consumer in connection with any credit or insurance transaction that is not initiated by the consumer, that is provided to that person under section 1681b(c)(1)(B) of this title, shall provide with each written solicitation made to the consumer regarding the transaction a clear and conspicuous statement that--
>
> **(A)** information contained in the consumer's consumer report was used in connection with the transaction;
>
> **(B)** the consumer received the offer of credit or insurance because the consumer satisfied the criteria for credit worthiness or insurability under which the consumer was selected for the offer;
>
> **(C)** if applicable, the credit or insurance may not be extended if, after the consumer responds to the offer, the consumer does not meet the criteria used to select the consumer for the offer or any applicable criteria bearing on credit worthiness or insurability or does not furnish any required collateral;
>
> **(D)** the consumer has a right to prohibit information contained in the consumer's file with any consumer reporting agency from being used in connection with any credit or insurance transaction that is not initiated by the consumer; and
>
> **(E)** the consumer may exercise the right referred to in subparagraph (D) by notifying a notification system established under section 1681b(e) of this title.
>
> **(2) Disclosure of address and telephone number.**--A statement under

5

>paragraph (1) shall include the address and toll-free telephone number of the appropriate notification system established under section 1681b(e) of this title.
>
>(3) Maintaining criteria on file.--A person who makes an offer of credit or insurance to a consumer under a credit or insurance transaction described in paragraph (1) shall maintain on file the criteria used to select the consumer to receive the offer, all criteria bearing on credit worthiness or insurability, as applicable, that are the basis for determining whether or not to extend credit or insurance pursuant to the offer, and any requirement for the furnishing of collateral as a condition of the extension of credit or insurance, until the expiration of the 3-year period beginning on the date on which the offer is made to the consumer. . . .

    c.    The required statements are not clear and conspicuous as required.

    d.    The required statements are in an italicized type that is unnecessarily difficult to read.

## VIOLATION ALLEGED

28. Defendant obtained or used, or caused to be obtained or used, the consumer report of plaintiff Lesa Kaplon and every other person to whom Exhibit A was sent without their written permission or a "permissible purpose."

29. Defendant violated the disclosure requirements of the FCRA.

30. Defendant willfully violated the FCRA.

31. The FCRA, 15 U.S.C. §1681n, provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

    **(1)**

6

>    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or
>
>    (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;
>
>    (2) such amount of punitive damages as the court may allow; and
>
>    (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

32. The FCRA, 15 U.S.C. §1681p, provides:

**§1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USC §§1681 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title [15 USC §§1681 et seq.] to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title [15 USC §§1681 et seq.], the action may be brought at any time within two years after discovery by the individual of the misrepresentation.**

## CLASS ALLEGATIONS

33. This claim is brought on behalf of a class, consisting of (a) all persons with Illinois addresses (b) to whom defendant sent or caused to be sent material in the form represented by Exhibit A (c) on or after a date two years prior to the filing of this action and (d) before 20 days after the filing of this action and (e) who did not obtain credit in response thereto.

34. According to Exhibit A the consumer report of each such individual was

7

accessed.

35. The class is so numerous that joinder of all members is impracticable.

36. Exhibit A a form document.

37. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether obtaining a consumer report for the purpose of transmission of the material in Exhibit A violates the FCRA.

38. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

39. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of similar claims.

40. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class for:

    a. Appropriate statutory damages;

    b. Injunctive relief against further violations;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as is appropriate.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Curtis C. Warner
EDELMAN, COMBS, LATTURNER
   &amp; GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Daniel A. Edelman
Daniel A. Edelman

9