## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN  DISTRICT OF ILLINOIS
## EASTERN  DIVISION

| | | |
|---|---|---|
| LESA KAPLON, | ) | |
| | ) | 3:05-cv-03241-RM-BGC |
| Plaintiff, | ) | |
| | ) | Judge Mills |
| v. | ) | |
| | ) | |
| GRAUE CHEVROLET-BUICK, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| ROBERT RIDLE, | ) | |
| | ) | |
| Plaintiff, | ) | 3:05-cv-03226-JES-BGC |
| | ) | |
| v. | ) | Judge Scott |
| | ) | |
| GREEN TOYOTA., | ) | |
| | ) | |
| Defendant. | ) | |


### PLAINTIFF KAPLON'S MOTION TO REASSIGN RELATED CASES

       Plaintiff, Lisa Kaplon, respectfully request that this Court reassign *Kaplon v. Grau Chevrolet-Buick, Inc.*, to Judge Scott  who is presiding over an earlier filed case raising identical issues, *Ridle v. Green Toyota,* 3:05-cv-3226-JES-BGC, pursuant to Rule 42.1 of the Rules of the United States District Court for the Central District of Illinois ("Local Rule 42.1").  In support of this motion, plaintiff Kaplon states:

       1.     On August 16, 2005, plaintiff Robert Ridle filed his complaint in the U.S.

District Court for the Central District of Illinois, Springfield Division against Green Toyota, ("Green"), alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). A copy of the *Ridle* complaint is attached as <u>Exhibit A</u>.

2.     On September 6, 2005, plaintiff Lese Kaplon filed her complaint in the U.S. District Court for the Central District of Illinois, Springfield Division, on behalf of an Illinois class, against Graue Chevorlet-Buick, Inc., ("Graue"), alleging violations of the FCRA. A copy of the *Robinson* complaint is attached as <u>Exhibit B</u>.

3.      Local Rule 42.1, in pertinent part that, "Later-filed related cases may be transferred to the judge assigned to the first-filed suit. . . ."

4.     *Ridle* and *Kaplan* involve the same questions of law and similar questions of fact.  In each case, plaintiffs have alleged that the defendants violated the FCRA by accessing plaintiffs' consumer reports without making a firm offer of credit.  *Cole v. U.S. Capital, Inc*., 389 F.3d 719 (7th Cir 2004).

5.     Some additional points of commonality are:

   a.     Defendants are both automobile dealerships that sent plaintiffs letters informing them that they had been approved for credit towards the purchase of an automobile;

   b.     Same causes of action: FCRA;

   c.     Same legal theory of liability: (defendants impermissibly accessed plaintiffs' consumer reports and subsequently sent them a letter that was not "firm offer" of credit);

   d.     Same claims for relief as to statutory damages and injunctive under

2

the FCRA;

    e.    The probability of similar discovery requests by plaintiffs and defendants.

6.    There are factual differences between these cases as the letters are from two different defendants and contain different terms and notices, but it does not preclude a finding of relatedness.

7.    Both the *Kaplon* and *Ridle* matters are currently pending before the United States District Court for the Central District of Illinois, Springfield Division.

8.    Both the Plaintiffs in the *Kaplon* and *Ridle* matters are represented by the law firm of Edelman, Combs, Latturner & Goodwin LLC.

9.    The reassignment of these cases is likely to result in a substantial saving of

judicial time and effort by all the District Judges and the Magistrate Judges.  The issues of law, are virtually identical.  With reassignment, only one judge will decide any dispositive motions.

10.    All of these action have just recently commenced.

11.    All cases are not only susceptible to disposition in a single proceeding, but very well suited to disposition of similar motions by the a single judge.

12.    The Seventh Circuit Court of Appeals has held that when similar allegations arising under the same legal theory and out of the same course in conduct, even though different defendants engaged in the similar conduct, should be reassigned to one judge. *Gibson v. Bob Watson Chevrolet-Geo, Inc.*, 112 F.3d 283 (7th Cir. 1997).

13.    Counsel for Plaintiff Kaplon has discussed this matter with co-counsel for

Plaintiff Ridle, and are not opposed to this motion.

WHEREFORE, the parties respectfully request that this Court reassign *Kaplon v.*

*Grau Chevrolet-Buick, Inc.*, to Judge Scott  who is presiding over the earlier filed related case

*Ridle v. Green Toyota.* 3:05-cv-3226-JES-BGC, pursuant to Local Rule 42.1.

Respectfully submitted,


/s/ Curtis C. Warner
Curtis C. Warner

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Curtis C. Warner        (cwarner@edcombs.com)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

4